**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MUQTASID-A QADIR,** | § | |
|       Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-114-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
|       Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This action has been construed as a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Muqtasid-A.Qadir, TDCJ # 743563, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. FACTUAL AND PROCEDURAL HISTORY

Qadir is serving a life sentence for his 1996 murder conviction in Case No. 0591998D out of the 213th District Court of Tarrant County, Texas. *Ex parte Qadir*, State Habeas Application No. 34,556-06, at 143. On August 14, 1997, the Second District Court of Appeals of Texas affirmed the trial court's judgment. *Qadir v. Texas*, No. 2-96-123-CR, slip op. (Tex. App.–Fort Worth Aug. 14, 1997) (not designated for publication). Qadir did not file a petition for discretionary review challenging his conviction in the Texas Court of Criminal Appeals. (Petition at 3.)

Qadir has filed three applications for writ of habeas corpus in state court. The first, filed on June 17, 1997, and the second, filed on July 11, 1997, were dismissed by the Texas Court of Criminal Appeals because his direct appeal was still pending. *Ex parte Qadir*, Application Nos. 34,556-01 & 34, 556-02, at cover. The third application, filed on November 1, 1999, was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on October 11, 2000. *Ex parte Qadir*, Application No. 34, 556-06, at cover. Qadir filed this federal petition for writ of habeas corpus on February 16, 2007.[1]

In this petition, Qadir claims he is entitled to habeas relief on the basis of newly discovered and material evidence–i.e., the search warrant affidavit and a voice recording of an unnamed caller confessing his own involvement in the murder to police, withheld by the state. (Petition at 12-41.) He also raises a myriad of other claims, including a claim of actual innocence, claims regarding DNA evidence, claims of ineffective assistance of counsel, and a sufficiency-of-the-evidence claim. As directed, Quarterman has filed a preliminary response addressing the issue of limitations with

---

[1] In his petition, Qadir does not indicate the date he placed the petition in the prison mailing system, therefore he is not given the benefit of the mailbox rule. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

supporting brief and documentary exhibits, to which Qadir has filed a reply.

E. STATUTE OF LIMITATIONS

Quarterman argues that Qadir's petition should be dismissed with prejudice as time-barred. (Resp't Answer at 4-6.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct

3

review.[2] For purposes of this provision, Qadir's judgment of conviction became final upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on September 13, 1997, and closed one year later on September 13, 1998, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)

Qadir's first and second state habeas applications dismissed because his direct appeal was still pending were not "properly filed" for purposes of statutory tolling under § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir.), *cert. denied*, 543 U.S. 893 (2004). *But see Caldwell v. Dretke*, 429 F.3d 521, 523 n.4 (5th Cir. 2005), *cert. denied*, 127 S. Ct. 431 (2006). Nor did Qadir's third state application, filed after expiration of the federal limitations period, operate to toll the running of the limitations period under the statutory provision. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Finally, the circumstances of Qadir's case do not warrant equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). *See also Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding claim of actual innocence does not justify application of the equitable tolling doctrine). Thus, Qadir's petition is untimely and should be dismissed.

---

[2] Qadir contends that he was "ignorant" of the newly discovered evidence because it was withheld by the state or had never been brought to his attention. (Petition at 12.) However, as noted by Quarterman and reflected in the record, the search warrant affidavit was filed with the trial court clerk on July 27, 1995, wherein the anonymous telephone call inculpating Qadir is referenced. *Ex parte Qadir*, State Habeas Application No. 34,556-06, at 120-22. Thus, to the extent his argument implicates subsection (B) and/or (D), Qadir could have discovered the evidence with the exercise of due diligence before or during trial.

## II.  RECOMMENDATION

Qadir's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred.  Any motions not previously ruled upon should be DENIED.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 20, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until July 20, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 29, 2007.

                                            /s/ Charles Bleil
                                            CHARLES BLEIL
                                            UNITED STATES MAGISTRATE JUDGE